Opinion issued December 11, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00465-CV






MARIA ELENA GUERRERO, Appellant


V.


MARK A. BOYD AND CONTROL SOLUTIONS, INC., Appellee






On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 2006-14646






MEMORANDUM OPINION

 Appellant Maria Elena Guerrero sued appellees Mark A. Boyd and Control
Solutions, Inc. for alleged personal injuries she suffered due to a fire and explosion
at property belonging to Boyd that was occupied by Control Solutions. Boyd and
Control Solutions joined four third-party defendants: (1) Benko Products, Inc.; (2)
Choctaw Sales, Inc.; (3) Gharda Chemicals, Ltd. a/k/a Gharda Chemicals Limited;
and (4) Gharda USA, Inc.

 Boyd and Control Solutions filed a no-evidence motion for summary judgment,
which the district court granted on February 2, 2007. Boyd and Control Solutions
filed a motion to nonsuit the four third-party defendants, which the district court
granted on February 2, 2007, resulting in a final judgment that Guerrero take nothing
from Boyd and Control Solutions. Guerrero later asked her lawyer to withdraw as
counsel, and she prosecuted this appeal pro se.

 In her appellant's brief, Guerrero raises no specific issue or point of error, but
instead complains as part of a general narrative that her lawyer was ineffective in
representing her. Guerrero goes so far as to suggest that her lawyer was paid by the
defendants to not prosecute her case and that the district judge "wanted" her to lose. 
She also claims there were fact issues in the case such that the no-evidence summary
judgment was improper and that the summary judgment violated her state and federal
constitutional rights to due process and due course of law.

 The appellant's brief cites to two cases, both of which are lawyer disciplinary
proceedings. The brief contains neither any substantive discussion of what
summary-judgment evidence existed that raised sufficient fact issues to defeat the
defendants' no-evidence motion for summary judgment, nor any references to the
clerk's record. The appellant's brief concludes by asking this Court to render a final
judgment in Guerrero's favor.

 In substance, Guerrero is asking this Court to reverse the district court's
judgment and remand the case for a new trial based on ineffective assistance of
counsel. The Sixth Amendment right to effective assistance of counsel, however,
does not extend to civil cases such as this personal-injury lawsuit. See Cherqui v.
Westheimer St. Festival Corp., 116 S.W.3d 337, 343-44 (Tex. App.--Houston [14th
Dist.] 2003, no pet.). Furthermore, Guerrero's trial lawyer is not a party to this
appeal. (1) We treat Guerrero's comments that the no-evidence summary judgment was
improper both on factual and constitutional ground as her "evidence" of why her
lawyer was ineffective, but we also hold that even if we treat these complaints as
separate issues, she has not adequately briefed them. See Harris County Mun. Util.
Dist. No. 48 v. Mitchell, 915 S.W.2d 859, 866 & n.15 (Tex. App.--Houston [1st
Dist.] 1995, writ denied) (discussing failure to adequately brief).

 We overrule Guerrero's contention that she received ineffective assistance of
counsel and affirm the district court's judgment.




 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.
1. In her appellant's brief, Guerrero lists as appellees Boyd and Control
Solutions, as well as the four third-party defendants. Texas Rule of Appellate
Procedure 3.1(c) defines an appellee as "a party adverse to an appellant." Unlike an
appellant, who must file a notice of appeal and identify himself or herself, an appellee
need not be definitively identified until the appellant's brief is filed. See Gray v.
Allen, 41 S.W.3d 330, 331 n.2 (Tex. App.--Fort Worth 2001, no pet.). An appellee,
however, must be a party to the trial court's final judgment and must be someone
against whom the appellant raises issues or points of error in the appellant's brief. 
See id. Because the third party defendants were nonsuited, they are not parties to the
trial court's final judgment and cannot be appellees. Boyd and Control Solutions are
appellees, notwithstanding the fact that Guerrero does not specifically discuss them
in her appellant's brief (or bring a conventional issue or point of error), because the
substantive relief that Guerrero seeks--a new trial--is adverse to their interest in
preserving the judgment that she take nothing.